UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DARRYL A. ROBINSON,

    Plaintiff,       Case No. 1:12-cv-1112

v.              Honorable Robert Holmes Bell

UNKNOWN WOLHUIS,

    Defendant.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

    Plaintiff Darryl A. Robinson, a prisoner incarcerated at Richard A. Handlon Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

    The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing

*Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan by filing approximately forty civil actions in this Court. In more than three of Plaintiff's lawsuits, the Court has entered dismissals on the grounds that they were frivolous, malicious, or failed to state a claim. *See Robinson v. Lesatz et al.*, No. 2:05-cv-217 (W.D. Mich. Nov. 7, 2005); *Robinson v. Luoma*, No. 2:05-cv-218 (W.D. Mich. Nov. 7, 2005); *Robinson v. Kutchie et al.*, No. 2:05-cv-211 (W.D. Mich. Oct. 28, 2005); *Robinson v. Snow et al.*, No. 2:05-cv-212 (W.D. Mich. Oct. 28, 2005); *Robinson v. Etelamaki et al.*, No. 2:05-cv-200 (W.D. Mich. Oct. 4, 2005); *Robinson v. Caruso et al.*, No. 2:05-cv-191 (W.D. Mich. Sept. 21, 2005); *Robinson v. Meni et al.*, No. 2:05-cv-192 (W.D. Mich. Sept. 19, 2005); and *Robinson v. Etelamaki*, No. 2:05-cv-194 (W.D. Mich. Sept. 19, 2005). In addition, Plaintiff has been denied leave to proceed *in forma pauperis* under the three-strikes rule in more than thirty prior actions in this Court.

In order to avoid the consequences of the three-strikes rule, Plaintiff asserts that he is in imminent danger within the meaning of 28 U.S.C. § 1915(g). He contends that Defendant denied his request for a room transfer, in violation of the Eighth Amendment:

> [O]n or around 10-7- or 10-8-2012 I asked ARUS Wolhuis could i move out of 35-A-E he said no so i asked him why he could [not] explain but what he did say me and my bunkie could talk to him about the situation.
>
> My life was . . . under imminent danger due to the fact i told Arus Wolhuis that me and my bunkie had got in a fight . . . and that i needed to be moved immediately i explained to him that i havent been sleeping or eating every since this incident took place which place my life under imminent danger. I could be raped forced too turn over my store goods  See attached Grievance. Every prison I've been too when you and your bunkie is not getting along you can moved . . . All you've got to [do] is ask

and you will be moved i have witnesses inmates and officers as well as ARUS's from other prisons. The longer i stay in this Room the more my life under imminent danger because if we get caught fighting thats amisconduct and i might refused to be cuffed and that requires the moved team.

(Compl. at 3; docket #1, Page ID#3.)

Congress did not define "imminent danger" in the PLRA, but it is significant that Congress chose to use the word "imminent," a word that conveys the idea of immediacy. "Imminent" is "Near at hand . . . impending; on the point of happening; threatening, menacing, perilous. Something which is threatening to happen at once, something close at hand, something to happen upon the instant . . . and on the point of happening." BLACK'S LAW DICTIONARY, 514-15 (6th ed. 1991). "Imminent" is also defined as "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 1130 (1976). "Imminent danger" is "such an appearance of threatened and impending injury as would put a reasonable and prudent man to his instant defense." BLACK'S LAW DICTIONARY, 515 (6th ed. 1991).

The Sixth Circuit has recognized the definition adopted by other circuit courts:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.* Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331, or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir.1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008).

Here, Plaintiff makes no allegation that his roommate presently presents a serious risk to his life or health. Instead, Plaintiff simply recounts having had a fight with his roommate sometime in the past, which does not itself demonstrate imminent danger of future assault. *See Rittner*, 290 F. App'x at 797-98. Although Plaintiff states that he could be raped or robbed, he does not indicate that his roommate has threatened to do either. Instead, Plaintiff complains that he should have been moved simply because he requested it, a policy allegedly practiced by other prisons. However, even if Defendant failed to follow the ordinary practice of one or more prisons, such a failure would not demonstrate imminent danger. Finally, Plaintiff alleges that he is in imminent danger because he may get into a fight with his roommate, be charged with a misconduct, and then refuse to allow himself to be placed in handcuffs – all of which would require a response team to come to extract him from his cell, which possibly may result in the use of some force. Such a series of inferential leaps – which are themselves based on multiple assumptions that Plaintiff will refuse to obey orders – is a wholly irrational basis for concluding that Plaintiff is in imminent danger of serious physical injury. For all these reasons, the imminent-danger exception is unavailable.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.

Dated: October 26, 2012         /s/ Robert Holmes Bell
                                ROBERT HOLMES BELL
                                UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**